ROBERTS et al. v. DOVE.

(Supreme Court, Special Term, Ontario County. February 20, 1909.)

NUISANCE (§ 35*)—BRICK KILNS—INJUNCTION—RELIEF AWARDED.

Where defendant had built brickkilns at a large expense, and maintained them for several years, and was conducting a flourishing business, an adjoining owner, whose property was injured by smoke and gas from the kilns before the erection by defendant of barriers and the use of a different kind of coal, which practically remedied the trouble, was entitled to damages for injury already suffered, and to have defendant execute a bond conditioned on the payment of rent for the property injured during

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the continuance of the business, or in default thereof to an injunction restraining defendant from unnecessarily emitting and depositing noxious gases, smoke, etc., on the property.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 93–94½; Dec. Dig. § 35.*]

Action by one Roberts and others against one Dove. Decree for plaintiffs.

William S. Moore, for plaintiffs.

Frank Rice, for defendant.

BENTON, J. This action is brought for an injunction restraining the defendant from injuring the premises and crops of the plaintiffs by the use of certain kilns from which noxious gases, fumes, and smoke were emitted over and upon plaintiffs' lands. The plaintiffs, except Day, who was a tenant, are the owners of lands contiguous to those of defendant, lying just outside of the boundary line of the city of Geneva. Defendant's lands were used in the manufacture of bricks, upon which he erected four brickkilns at an expense of something like from $6,000 to $10,000. Defendant's kilns could not be removed for less than $20,000. The business of the defendant is a flourishing and growing business. He offers to rent of plaintiffs the lands, the crops upon which have been injured by the fumes or gas of the kilns, and pay therefor the highest price per acre rental value testified to by any witness in the case, and also to allow the plaintiffs the use of the lands.

Public policy demands that reasonable encouragement be given, and harsh and arbitrary restrictions be not imposed upon, a business such as the defendant carries on. The rights of plaintiffs to the undisturbed possession of their property, save as necessitated by the needs of modern trade and commerce, are also to be respected. Defendant must use his property so as not to interfere or necessarily to damage and injure that of his neighbor. The brickkilns have been in operation during the years 1903, 1904, 1905, 1906, 1907, and 1908. The damages of which plaintiffs complain occurred during the years 1905 and 1906. There is evidence from which reasonable inference may be drawn that such damage was occasioned by the use of coal heavy in sulphurous gas and which is called "Pittsburg coal." There are other varieties of coal in which this sulphurous gas is not to the extent that it exists in the Pittsburg coal. Either from the use of such varieties, or because of barriers which the defendant has erected, the damage to plaintiffs' crops has been practically remedied. It is therefore apparent, with reasonable precaution and care, defendant's business may be prosecuted and plaintiffs' rights protected.

Substantial justice will be done in this case by awarding plaintiffs damages to the extent of $150, and that defendant execute a bond to plaintiffs, to be either accepted by them or approved by a justice of this court, conditioned that the defendant pay plaintiffs an annual rent of $7 per acre for five acres, amounting to $35 per year, during the continuance of the brickmaking business, or, in default thereof,

---

that plaintiffs have an injunction restraining the defendant from un-necessarily emitting and depositing noxious gases, fumes, smoke, and vapor over and upon the lands of plaintiffs, and that plaintiffs have their costs of this action.

Proper findings and a decree in accordance herewith may be sub-mitted.